**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NAOMI PRINCE, <u>EUGENE GRIER JR., and</u> <u>TIMOTHY WRIGHT,</u> individually and on behalf of those similarly situated, <br><br> <p align="center">~~Plaintiff~~<u>Plaintiffs</u>,</p> <br> v. <br><br> DIAMOND TRANSPORTATION SERVICES, INC., <br><br> <p align="center">Defendant.</p> | Case No. <u>8</u>:26-cv-01976-TJS <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

<p align="center"><u>**FIRST AMENDED CLASS ACTION COMPLAINT**</u></p>

Naomi Prince<u>, Eugene Grier, Jr., and Timothy Wright</u> ("~~Plaintiff~~<u>Plaintiffs</u>"), individually and on behalf of a putative class of similarly situated former employees as defined herein, ~~brings~~<u>bring</u> this suit against Diamond Transportation Services, Inc. ("Defendant"), and by way of this <u>First Amended </u>Class Action Complaint, ~~alleges~~<u>allege</u> as follows:

<p align="center"><u>**NATURE OF ACTION:**</u></p>

1.      This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act") by the ~~Plaintiff~~<u>Plaintiffs</u> individually and on behalf of the other similarly situated persons against Defendant, their employer, for WARN Act purposes.

2.      Defendant owns and operates an office located at 3201 Hubbard Road, Landover, Maryland ("the Facility").

3.      Defendant abruptly terminated, unilaterally and without proper notice to employees or staff, upon information and belief, at least 571 employees, which represents 33% of active full-time employees, including ~~Plaintiff~~<u>Plaintiffs</u>, from the Facility on May 12, 2026.

<p align="center">1</p>

4.     ~~Plaintiff was~~Plaintiffs were terminated on May 12, 2026, as part of a mass layoff and/or plant closing without notice.

5.     ~~Plaintiff brings~~Plaintiffs bring this action on behalf of ~~herself~~themselves and other similarly situated former employees who worked for Defendant and were terminated as part of the mass lay off or plant closing ordered by Defendant on or around May 12, 2026, and within 90 days of those dates, and who were not provided the requisite 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

6.     ~~Plaintiff~~Plaintiffs and the other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

9.     At all times relevant, the ~~Plaintiff was a member~~Plaintiffs were members of the Nationwide Class (as defined below).

10.     Plaintiff **Naomi Prince** is a citizen of the United States and a resident of Prince George's County, Maryland. She was employed by Defendant at the Facility at all relevant times. She was employed for over six months at the time of her termination and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Prince was terminated without cause and did not receive 60 days' notice of her termination.

2

11.     Plaintiff **Eugene Greir, Jr.,** is a citizen of the United States and a resident of Prince William County, Maryland. He was employed by Defendant at the Facility at all relevant times. He was employed for over six months at the time of his termination and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Grier, Jr., was terminated without cause and did not receive 60 days' notice of his termination.

12.     Plaintiff **Timothy Wright** is a citizen of the United States and a resident of Washington, D.C. He was employed by Defendant at the Facility at all relevant times. He was employed for over six months at the time of his termination and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Wright was terminated without cause and did not receive 60 days' notice of his termination.

11.13.     Defendant **Diamond Transportation Services, Inc.** is a foreign for-profit corporation incorporated in Illinois and registered to do business in Maryland, with a corporate headquarters located at 2601 Navistar Drive, Lisle, Illinois 60532. As registered with the Maryland Secretary of State, Defendant may be served via its registered agent, The Corporation Trust Incorporated, 2405 York Road, Suite 201, Lutherville/Timonium, Maryland 21093-2264.

12.14.     Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the Facility where PlaintiffPlaintiffs and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

13.15.     Defendant made the decision to terminate employees, including PlaintiffPlaintiffs and the other similarly situated former employees, without 60 days' advance notice pursuant to the WARN Act, terminating over 50 employees and at least one-third of the workforce.

## **FACTS**

3

16. ~~Plaintiff was a member~~Plaintiffs Prince and Wright were and are members of the ATU Union ("the Union") and ~~was~~were employed by Defendant at the time of the termination.

17. Until May 12, 2026, upon information and belief, the Defendant's operation was running business as usual, and employees had no indication that the Defendant intended to reduce the workforce.

18. On or about May 12, 2026, Plaintiff Prince learned from the Union that her job at the Facility would be terminated effective the same day. Plaintiff Wright learned from his employer that they were suddenly recalling trucks to return to the workplace. Plaintiff Grier, Jr., was informed the day after, on May 13, 2026, via retroactive email notice.

19. Defendant did not provide any advance notice of the terminations as required by the WARN Act, even though it planned to abolish, terminate, and/or lay off at least 50 employees and 33% of the employees employed at the Facility.

20. Upon information and belief, no circumstances existed that would have permitted Defendant to reduce the notification period.

21. By failing to provide its affected employees who were terminated on or around May 12, 2026, with the required notice and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

22. ~~Plaintiff brings her~~Plaintiffs bring their WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> **All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) on May 12, 2026, and within 90 days of May 12, 2026.**

21.23.  Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a. The class includes, upon information and belief, over 50 class members, and, as such, are so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act. Thus, ~~Plaintiff satisfies~~Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2).

c. ~~Plaintiff is a member~~Plaintiffs are members of the class, and ~~her~~their claims are typical of the claims of other class members. ~~Plaintiff has~~Plaintiffs have no interests that are antagonistic to or in conflict with the interests of other class members. Thus, ~~Plaintiff satisfies~~Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3).

d. ~~Plaintiff~~Plaintiffs will fairly and adequately represent the class and their interests. Moreover, ~~Plaintiff has~~Plaintiffs have retained competent and experienced counsel who will effectively represent the ~~interests of the class~~class's interests. Thus, ~~Plaintiff satisfies~~Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4).

22.24.  Class certification of the nationwide class is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish

incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

23.25. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the putative class, making appropriate declaratory and injunctive relief with respect to ~~Plaintiff~~Plaintiffs and the class as a whole.

24.26. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

### VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.

### (WARN Act)

### *(On behalf of ~~Plaintiff~~Plaintiffs and the putative Nationwide Class)*

25.27. ~~Plaintiff re-alleges and incorporates~~Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

26.28. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

27.29. ~~Plaintiff and those she seeks~~Plaintiffs and those they seek to represent were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

6

28.30.  The May 12, 2026, terminations at the Facility resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees at the Facility. Any ongoing terminations occurring within any 90-day period may be aggregated. 29 U.S.C. § 2102(d).

29.31.  The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

30.32.  On information and belief, Defendant did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including ~~Plaintiff and those she seeks~~Plaintiffs and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor, upon information and belief, did Defendant give sufficient, or any, advance, written notice to the appropriate governmental authorities.

31.33.  Defendant violated the WARN Act by failing to give timely written notice of the mass layoff and/or plant closing as required by 29 U.S.C. § 2102(a), which began on or about May 12, 2026.

32.34.  As such, ~~Plaintiff and those she seeks~~Plaintiffs and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

33.35.  The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

34.36. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant has no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, ~~Plaintiff prays~~Plaintiffs pray for the following relief:

1.      Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), appointment of the ~~Plaintiff~~Plaintiffs as Class Representative of the Nationwide Class, and designation of ~~Plaintiff~~Plaintiffs' counsel of record as Class Counsel as to the Nationwide Class;

2.      A declaration that Defendant violated the WARN Act;

3.      A judgment against Defendant and in favor of ~~Plaintiff and those she seeks~~Plaintiffs and those they seek to represent for back pay to the fullest extent permitted by the WARN Act;

4.      A judgment against Defendant and in favor of ~~Plaintiff~~Plaintiffs and the putative Nationwide Class for the loss of benefits, including, but not limited to, medical expenses incurred and benefits lost due to the employment loss, to the fullest extent allowable under the WARN Act;

5.      A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass lay off and/or plant closing was not in violation of the WARN Act;

6.      A judgment against Defendant and in favor of ~~Plaintiff and those she seeks~~Plaintiffs and those they seek to represent for litigation costs, expenses, and attorney's fees to the fullest extent permitted under the WARN Act, and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7.      Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Date: ~~May 18, 2026~~June 11, 2026                    Respectfully submitted,

                                                      /s/ Duane O. King
                                                      Duane O. King (Fed. Bar No. 19430)
                                                      THE LAW OFFICES OF DUANE O. KING, PC
                                                      803 W. Broad Street, Suite 210
                                                      Falls Church, Virginia 22046
                                                      (202) 331-1963
                                                      dking@dkinglaw.com

                                                      J. Gerard Stranch, IV (*Pro hac vice* forthcoming)
                                                      Mariah S. England (*Pro hac vice* forthcoming)
                                                      **STRANCH JENNINGS & GARVEY, PLLC**
                                                      The Freedom Center
                                                      223 Rosa L. Parks Avenue, Suite 200
                                                      Nashville, TN 37203
                                                      (615) 254-8801
                                                      gstranch@stranchlaw.com
                                                      mengland@stranchlaw.com

                                                      ***Attorneys for ~~Plaintiff~~Plaintiffs and the Proposed Class***

9

## <u>CERTIFICATE OF SERVICE</u>

<u>I HEREBY CERTIFY</u> that on this 15th day of June, 2026, a copy of the foregoing First

Amended Class Action Complaint was filed electronically through the Court's CM/ECF system,

which will send notice of electronic filing to all counsel of record, including:

<div style="margin-left: 40%;">

Kathleen A. McGinley, Esq. (Bar No. 29150)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Kathleen.McGinley@jacksonlewis.com

*Counsel for Defendant*


/s/ Duane O. King
Duane O. King

</div>

10