**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

*(Southern Division)*

| | |
|---|---|
| NAOMI PRINCE, EUGENE GRIER JR., and TIMOTHY WRIGHT, individually and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DIAMOND TRANSPORTATION SERVICES, INC.,<br><br>    Defendant. | Civil Case No. 8:26-cv-01976-TJS |

**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, Diamond Transportation Services, Inc. ("Diamond" or "Defendant"), through its undersigned counsel, hereby answers the First Amended Class Action Complaint (the "Complaint") filed by the Plaintiffs, Naomi Prince, Eugene Grier, Jr., and Timothy Wright (collectively "Plaintiffs"). Diamond generally denies liability on all claims and all counts. Each paragraph below responds to the numbered paragraphs in the Complaint. Any allegation not explicitly admitted below is hereby denied.

**NATURE OF ACTION**

1.    Paragraph 1 of the Complaint contains statements and legal conclusions to which no response is required. Diamond denies the remaining allegations in this paragraph of the Complaint.

2.    Diamond admits that it currently operates an office located at 3201 Hubbard Road, Landover, Maryland 20685 ("Landover"). Diamond denies the remaining allegations in this paragraph of the Complaint.

3.      Diamond admits that Plaintiffs' and others' employment with Diamond was terminated as part of a reduction in force on or about May 12, 2026 that affected at least 571 employees.  Defendant denies the remaining allegations in this paragraph of the Complaint.

4.      Diamond admits that Plaintiffs', and others' employment, with Diamond was terminated as part of a reduction in force on or about May 12, 2026. Diamond denies the remaining allegations in this paragraph of the Complaint.

5.      Paragraph 5 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

6.      Paragraph 6 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

**JURISDICTION AND VENUE**

7.      Paragraph 7 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

8.      Paragraph 8 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

**PARTIES**

9.      Paragraph 9 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

10.     Diamond admits that Plaintiff Naomi Prince was employed by Diamond as a driver until the termination of her employment on or about May 12, 2026. Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Prince's citizenship or residency and therefore denies them. The remainder of Paragraph 10 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

11.     Diamond admits that Plaintiff Eugene Grier, Jr. was employed by Diamond as a utility worker until the termination of his employment on or about May 12, 2026. Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Grier's citizenship or residency and therefore denies them. The remainder of Paragraph 11 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

12.     Diamond admits that Plaintiff Timothy Wright was employed by Diamond as a driver until the termination of his employment on or about May 12, 2026. Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Wright's citizenship or residency and therefore denies them. The remainder of Paragraph 12 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

13.     Diamond admits that it operates a business that provides transportation services throughout the United States under the name "Diamond Transportation Services, Inc." Defendant

further admits that it is registered to do business in Maryland and its registered agent is located at 2405 York Road, Suite 201, Lutherville-Timonium, Maryland 21093. Whether it must be served by its resident agent is a legal conclusion to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

14. Diamond admits that it operates a business that provides transportation services throughout the United States, including in Maryland, under the name "Diamond Transportation Services, Inc.". Defendant denies the remaining allegations in this paragraph of the Complaint.

15. Paragraph 15 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

**FACTS**

16. Diamond, upon information and belief, admits that Plaintiffs Prince and Wright were and are members of the Amalgamated Transit Union, Local 689 (the "ATU Local" or "Union"). Defendant, upon information and belief, further admits that Plaintiffs Prince and Wright were employed by Diamond until termination of their employment on or about May 12, 2026. Defendant denies the remaining allegations in this paragraph of the Complaint.

17. Diamond admits that it operated its Landover location until on or about May 12, 2026. To the remainder of the statements in Paragraph 17, Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

18. Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies the allegations in this paragraph.

19. Paragraph 19 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

20. Paragraph 20 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

21. Diamond denies the allegations in this paragraph of the Complaint.

<u>**CLASS ACTION ALLEGATIONS**</u>

22. Paragraph 22 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

23. Paragraph 23 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

    a. Subparagraph A of Paragraph 23 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

    b. Subparagraph B of Paragraph 23 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

    c. Subparagraph C of Paragraph 23 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

    d.   Subparagraph D of Paragraph 23 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

24.    Paragraph 24 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

25.    Paragraph 25 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

26.    Paragraph 26 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

## COUNT I

27.    Diamond incorporates by reference its responses to Paragraphs 1 through 26 as if fully set for herein.

28.    Paragraph 28 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

29.    Paragraph 29 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

30.     Paragraph 30 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

31.     Paragraph 31 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

32.     Paragraph 32 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

33.     Paragraph 33 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

34.     Paragraph 34 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

35.     Paragraph 35 of the Complaint contains statements and legal conclusions to which no response is required. Defendant denies the remaining allegations in this paragraph of the Complaint.

36.     Diamond denies the allegations in this paragraph 36 of the Complaint.

### **PRAYER FOR RELIEF**

1.     Paragraph 1 of the Prayer for Relief in the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in this paragraph of the Complaint.

7

2.      Paragraph 2 of the Prayer for Relief in the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in this paragraph of the Complaint.

3.      Paragraph 3 of the Prayer for Relief in the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in this paragraph of the Complaint.

4.      Paragraph 4 of the Prayer for Relief in the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in this paragraph of the Complaint.

5.      Paragraph 5 of the Prayer for Relief in the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in this paragraph of the Complaint.

6.      Paragraph 6 of the Prayer for Relief in the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in this paragraph of the Complaint.

7.      Paragraph 7 of the Prayer for Relief in the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, Diamond denies the allegations in this paragraph of the Complaint.

Diamond denies that Plaintiffs and any other individual who Plaintiffs seek to represent in this action are entitled to any relief.

## **JURY DEMAND**

Diamond denies that Plaintiffs and any other individual who Plaintiffs seek to represent in this action are entitled to a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs and any other individual who Plaintiffs seek to represent in this action, Defendant asserts the following affirmative and other defenses:

### FIRST DEFENSE
*(Unforeseeable Business Circumstances)*

Diamond did not violate the WARN Act with respect to Plaintiffs because Diamond was forced to terminate the employment of Plaintiffs and others because Diamond encountered unforeseeable business circumstances within the meaning of the WARN Act.

### SECOND DEFENSE
*(Waiver and Release)*

The claims of Plaintiffs and any other individual who Plaintiffs seek to represent in this action are barred to the extent that they have been waived, released, discharged, or abandoned.

### THIRD DEFENSE
*(Collective Bargaining Agreement)*

The claims of Plaintiffs and other individuals who Plaintiffs seek to represent in this action are barred, in whole or in part, by collective bargaining agreements and/or other agreements executed between Diamond and applicable unions.

### FOURTH DEFENSE
*(Good Faith and Reasonableness)*

This Honorable Court should exercise its discretion to reduce the amount of any liability or penalty because Defendant acted reasonably and in good faith at all times relevant to this action.

### FIFTH DEFENSE
*(Res Judicata and Claim Preclusion)*

The Complaint is barred, in whole or in part, by *res judicata* and/or claim preclusion.

## SIXTH DEFENSE
### *(Accord and Satisfaction)*

The claims of Plaintiffs and any other individual whom Plaintiffs seek to represent in this action are barred, in whole or in part, by accord and satisfaction.

## SEVENTH DEFENSE
### *(Offset)*

Any penalties or damages alleged by Plaintiffs and any other individual whom Plaintiffs seek to represent in this action are subject to offset.

## EIGHTH DEFENSE
### *(Failure to Mitigate)*

Any penalties or damages alleged by Plaintiffs and any other individual whom Plaintiffs seek to represent in this action must be reduced or eliminated due to each of their failure to mitigate damages.

## NINETH DEFENSE
### (Class Definition Not Adequately Pled)

Plaintiffs' proposed class is not adequately pled. The class definition is vague and overbroad.

## RESERVATION OF ADDITIONAL DEFENSES

Diamond will rely on any and all further defenses that are available or appear during discovery in this action and specifically reserves the right to amend this Answer for the purpose of adding additional defenses.

**WHEREFORE**, having fully responded to the Complaint, Diamond respectfully requests that this Honorable Court dismiss the claims of Plaintiffs and those whom Plaintiffs seek to represent in this action with prejudice, award Diamond its costs and reasonable attorneys' fees

incurred in this lawsuit, and allow Diamond such other and further relief as the Court deems just and proper.


Dated: July 20, 2026                    Respectfully submitted

                                        */s/R. Stark Merrifield*
                                        Kathleen A. McGinley (Bar No. 29150)
                                        R. Stark Merrifield (Bar No. 31311)
                                        JACKSON LEWIS P.C.
                                        2800 Quarry Lake Drive, Suite 200
                                        Baltimore, Maryland 21209
                                        410.415.2000 (phone)
                                        410.415.2001 (facsimile)
                                        kathleen.mcginley@jacksonlewis.com
                                        stark.merrifield@jacksonlewis.com


                                        Penny Ann Lieberman (*Pro hac vice*)
                                        Isaac J. Burker (*Pro hac vice*)
                                        JACKSON LEWIS P.C.
                                        44 South Broadway
                                        Ste 14th Floor
                                        White Plains, New York 10601
                                        penny.lieberman@jacksonlewis.com
                                        isaac.burker@jacksonlewis.com

                                        *Counsel for Defendant*
                                        *Diamond Transportation Services, Inc.*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July 2026, a true and correct copy of the foregoing

Answer to First Amended Class Action Complaint was filed through the ECF system and was sent

electronically to all registered participants:

Duane O. King (Fed. Bar No. 19430)
THE LAW OFFICES OF DUANE O. KING, PC
803 W. Broad Street, Suite 210
Falls Church, Virginia 22046
(202) 331-1963
dking@dkinglaw.com

Mariah S. England (*Pro hac vice*)
STRANCH JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
mengland@stranchlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

/s/R. Stark Merrifield
R. Stark Merrifield (Bar No. 31311)

4908-7067-5388, v. 8

12